DALE G. VANDERVOORT, PLAINTIFF v. CAMERON McKENZIE AND WIFE, CARMEN ANNA McKENZIE; GATEWAY MOUNTAIN PROPERTY OWNERS ASSOCIATION, AN UNINCORPORATED ASSOCIATION; BETTY GILLIAM; ESTATE OF JAMES EMORY VESS; JOHNSON, PRICE & SPRINKLE, ESCROW; CHERYL KIRKLAND; AND DORIS HARRISON, DEFENDANTS

No. 9129SC115

(Filed 4 February 1992)

1. **Courts § 84 (NCI4th) — summary judgment denied — motion by defendants added thereafter**

   Additional defendants who were added to the action after the trial court denied the original defendants' motion for summary judgment were not bound by the trial court's earlier ruling and were entitled to a ruling on their summary judgment motion.

   **Am Jur 2d, Summary Judgment § 12.**

2. **Easements § 32 (NCI4th) — prescriptive easement — permissive use**

   Plaintiff's forecast of evidence was insufficient to establish a prescriptive easement in a roadway because his evidence showed that his use of the roadway was permissive rather than adverse where plaintiff's action in approaching the owner of the servient estate about maintenance of the roadway and placement of a gate across the roadway amounted to his asking the owner for permission; plaintiff admitted in his deposition that he told the owner of the servient estate that he was going to maintain the roadway for both plaintiff's benefit as well as the owner's benefit; and plaintiff made sure that members of the family of the owner of the land on which the gate was placed had keys to the lock on the gate.

   **Am Jur 2d, Easements and Licenses §§ 51, 54.**

3. **Courts § 84 (NCI4th) — summary judgment denied — ruling on second motion by another judge inappropriate**

   It was error for a superior court judge to determine one defendant's second motion for summary judgment where another superior court judge had denied a prior motion for summary judgment on identical issues by this same defendant even though

materials presented to the court on the second motion were different from those at the hearing on the first motion.

**Am Jur 2d, Courts §§ 128, 130; Summary Judgment § 12.**

APPEAL by plaintiff from order entered 2 October 1990 by *Judge James J. Booker* in McDOWELL County Superior Court. Heard in the Court of Appeals 6 November 1991.

On 5 June 1987 plaintiff filed this action against Cameron McKenzie and Gateway Mountain Property Owners Association to establish "an easement of right of way by prescription" over defendants' land. Defendants filed an answer and moved for summary judgment. On 25 April 1988 Judge Bruce Briggs denied defendants' motion for summary judgment. Defendants then made a motion to dismiss for failure to join necessary parties. On 8 September 1988 the trial court ordered the plaintiff to file an amended complaint to bring in the additional necessary parties. Plaintiff filed an amended complaint on 5 October 1988 naming as additional defendants Carmen Anna McKenzie; Betty S. Gilliam; Emory Vess; Johnson, Price & Sprinkle, P.A.; Cheryl Kirkland; and Doris Harrison.

On 21 March 1989, the Clerk of the Superior Court of McDowell County entered default judgment against defendants Gilliam, Vess, and Gateway Mountain Property Owners Association. The trial court granted defendant estate of Vess' motion to allow answer but denied the motions of Gateway Mountain Property Owners Association and Betty S. Gilliam. Gateway Mountain Property Owners Association and Betty S. Gilliam appealed the entry of default to this Court. A reading of these opinions indicates that we dismissed these appeals in *Vandervoort v. McKenzie*, 98 N.C. App. 157, 391 S.E.2d 225 (1990) (unpublished opinions). Judge James J. Booker granted defendants' motion for summary judgment by an order entered on 2 October 1990. Plaintiff appeals from this order.

*Carnes & Franklin, P.A., by Everette C. Carnes, for the plaintiff-appellant.*

*Robert E. Dungan, P.C., by Robert E. Dungan and Michael E. Smith, for the defendant-appellees.*

EAGLES, Judge.

On appeal plaintiff contends that the trial court erred in granting defendants' motion for summary judgment "when a prior motion

VANDERVOORT v. McKENZIE

[105 N.C. App. 297 (1992)]

on identical legal issues had been denied by another superior court judge." We agree in part and reverse the trial court's entry of summary judgment as to defendant Cameron McKenzie. We affirm the trial court's order as to the remaining defendants — Estate of Emory Vess; Doris Harrison; Johnson, Price & Sprinkle, P.A.; Cheryl Kirkland; and Carmen Anna McKenzie.

[1] This Court has said that "a motion for summary judgment denied by one superior court judge may not be allowed by another superior court judge on identical legal issues." *American Travel Corp. v. Central Carolina Bank & Trust Co.*, 57 N.C. App. 437, 440, 291 S.E.2d 892, 894, *disc. review denied*, 306 N.C. 555, 294 S.E.2d 369 (1982). Here, on 25 April 1988 the trial court denied a motion for summary judgment on behalf of defendant Cameron McKenzie and defendant Gateway Mountain Property Owners Association. Plaintiff then filed an amended complaint naming additional defendants. Rule 56(b) provides: "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." These additional defendants were not before the trial court when the first motion for summary judgment was denied on 25 April 1988. Accordingly, they were entitled to a ruling on summary judgment and cannot be prejudiced by the trial court's earlier ruling against defendant Cameron McKenzie and defendant Gateway Mountain Property Owners Association.

"Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 512, 256 S.E.2d 216, 220 (1979). Here, before the second motion for summary judgment the parties provided the court with additional evidence, not available to the court on the first motion, that established defendants' right to judgment as a matter of law.

[2] To establish a prescriptive easement, the plaintiff must show the following:

> (1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for at least twenty years; and

(4) that there is substantial identity of the easement claimed throughout the twenty-year period.

P. Hetrick & J. McLaughlin, Webster's Real Estate Law in North Carolina § 318 (1988). In his complaint plaintiff alleged that his use of the easement was adverse to the owners of the servient estates. However, plaintiff's deposition, taken after the denial of defendants' first motion for summary judgment, reveals that plaintiff's use of the roadway was permissive. Plaintiff testified as follows:

Q. Did you ever talk to Mr. Miller about using the road in access?

A. I didn't—didn't talk to him about using it. I just told him I was going to keep it maintained for his benefit and mine, and I did.

Q. What did he respond to that?

A. He said, "That's fine." He's using the road too. He had just cut timber on it before I bought it, and he'd been using it.

Q. When did Mr. Miller first give you permission to use the road?

A. I didn't get permission from Mr. Miller to use the road.

Q. What you just said, you told him and he said it would be fine.

A. I told him I was going to keep the road maintained, and he said, "That's fine with me."

Q. Did you tell him you were going to use the road?

A. Why would I be maintaining it? Of course I'm going to maintain the road to use it.

Q. What did he say when you told him you were going to use it?

A. "That's fine."

Q. He said, "That's fine."

A. Right.

Later in his deposition, plaintiff testified:

A. I told [one of the members of the White family] I wanted to put a gate up on that road. After I had gotten that road maintained real well, I wanted to put a gate up, and I had to put it on their property, and would that be any problem for him, and he said no. I put the gate up, and I sent them

keys. On several occasions, people would shoot the lock off. I'd put new locks on, and then I'd send them keys again. Every time I changed the lock, we sent them a set of keys.

Q. Could you show on a map where the gate was?

A. Sure. Well, I could — I can take you out there on the property and show you. If you had the right kind of map, I could show you. I put it just up above where the road turned off to go to Noey Vess's property, because I couldn't block Noey Vess from getting to his property on that road.

Q. When you told the Whites that you were going to put a gate at that location, why did you say you were going to put the gate up?

A. Because I had gotten the road in such good shape that you could take a car all the way to the top of that mountain, and a lot of people were starting to use it, and going there, and I thought that we needed to have some protection.

Q. So how did the White that you spoke with respond to that?

A. "That's fine." I said, "I'll send you keys." He said, "That's great."

It is true that evidence of repairing or maintaining a roadway is evidence of intention to claim and use the land as one's own. See, e.g., *Potts v. Burnette*, 301 N.C. 663, 273 S.E.2d 285 (1981). However, in his deposition plaintiff admitted that he told the owner of the servient estate that he was going to keep the road maintained for both plaintiff's benefit as well as the owner's benefit. He also made sure that the Whites had keys to the gate that blocked the road. For a use to be adverse, it "must be with the intent to hold to the exclusion of others." P. Hetrick & J. McLaughlin, Webster's Real Estate Law in North Carolina § 319 (1988). Plaintiff clearly admitted that he did not intend to hold the easement to the exclusion of others. Also plaintiff's action in approaching the owner of the servient estate about the maintenance of the roadway and building the gate amounts to his asking the owner for permission. "Entitlement to an easement by prescription is restricted because a landowner's 'merely neighborly act' of allowing someone to pass over his property may ultimately operate to deprive the owner of his land. For this reason, mere use alone is presumed to be permissive, and, unless that presumption is rebutted, the

use will not ripen into a prescriptive easement." *Johnson v. Stanley*, 96 N.C. App. 72, 74, 384 S.E.2d 577, 579 (1989) (citation omitted). Here, plaintiff has not presented sufficient evidence to overcome the presumption that his use was permissive and the trial court appropriately granted the additional defendants' motion for summary judgment.

[3] As to defendant Cameron McKenzie, we hold that the trial court erred in granting summary judgment in his favor because we are bound by this Court's holding in *Carr v. Great Lakes Carbon Corp.*, 49 N.C. App. 631, 272 S.E.2d 374 (1980), *disc. review denied*, 302 N.C. 217, 276 S.E.2d 914 (1981). In *Carr* this Court held that it was error for a superior court judge to determine defendant's second motion for summary judgment where another superior court judge had denied defendant's first motion, even though the materials presented at the second motion differed from those at the hearing on the first motion.

For the reasons stated, the order of the superior court is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

Judges JOHNSON and ORR concur.