DALE G. VANDERVOORT v. GATEWAY MOUNTAIN PROPERTY OWNERS ASSOCIATION, AND BETTY S. GILLIAM

No. 9329SC722

(Filed 3 May 1994)

**Judgments § 166 (NCI4th) — easement by prescription over several properties — granting by default judgment over some — denial by summary judgment over others — inconsistent result improper**

In an action to establish an easement by prescription over the property of several defendants, the trial court cannot, by entry of a default judgment, grant the easement across the property of a non-answering defendant and by grant of summary judgment deny the easement across the property of an answering defendant, since it would be inconsistent to do so.

**Am Jur 2d, Judgments §§ 1160, 1166, 1178 et seq.**

Appeal by defendants from judgment entered 27 April 1993 in McDowell County Superior Court by Judge Zoro J. Guice, Jr. Heard in the Court of Appeals 23 March 1994.

*Carnes & Franklin, P.A., by Hugh J. Franklin, Everette C. Carnes, and Krinn E. Evans, for plaintiff-appellee.*

*Robert E. Dungan, P.A., by Robert E. Dungan and James Michael Lloyd, for defendant-appellants.*

GREENE, Judge.

Gateway Mountain Property Owners Association (Gateway) and Betty S. Gilliam (Gilliam) appeal from an order filed 27 April 1993

in McDowell County Superior Court, entering judgment by default for Dale G. Vandervoort (plaintiff) in his action requesting an easement by prescription over lands owned by defendants and others.

In June 1987, plaintiff filed a complaint against Cameron McKenzie (McKenzie) and Gateway, alleging an easement by prescription over lands owned by them. On 22 March 1988, McKenzie and Gateway moved for summary judgment, and the court denied their motion on 25 April 1988. Plaintiff filed an amended complaint on 5 October 1988 against McKenzie and his wife, Carmen McKenzie (Mrs. McKenzie), Gateway, Gilliam, Emory Vess (Vess), Johnson, Price and Sprinkle, P.A. (Johnson), Cheryl Kirkland (Kirkland), and Doris Harrison (Harrison). In his amended complaint, plaintiff alleged that he had "for more than twenty (20) years" used a roadway that extended across the properties of the defendants and that his use was "open, notorious, continuous, [and] adverse." He requested that he be declared the owner of an easement by prescription over a roadway through the property of the various defendants. On 7 November 1988, McKenzie, Mrs. McKenzie, Johnson, Kirkland, and Harrison filed an answer to plaintiff's amended complaint denying that the use of the road was open, notorious, continuous or adverse.

On 21 March 1989, plaintiff made a motion for entry of default against Gateway, Vess, and Gilliam pursuant to Rule 55 of the North Carolina Rules of Civil Procedure because they "have not filed an answer or other pleading, nor have the Defendants obtained an extension of time within which to plead, the time within which Defendants might plead has now expired and Defendants are now in default." On 21 March 1989, the clerk of court entered default against Gateway, Vess, and Gilliam. On 11 April 1989, the trial court, by stipulation of counsel, amended the style of the case by changing defendant Vess to "Estate of James E. Vess" (Estate of Vess) and set aside the entry of default as to Estate of Vess.

On 2 October 1990, the trial court granted summary judgment in favor of McKenzie, Mrs. McKenzie, Gateway, Gilliam, Estate of Vess, Johnson, Kirkland, and Harrison and dismissed the action. Plaintiff appealed to this Court which reversed the trial court's entry of summary judgment as to McKenzie because a superior court judge had already denied an earlier motion for summary

judgment made by McKenzie. Because, however, "the parties provided the [trial] court with additional evidence, not available to the court on the first motion, that established defendants' right to judgment as a matter of law," i.e., that "plaintiff's use of the roadway was permissive" and that plaintiff "clearly admitted that he did not intend to hold the easement to the exclusion of others," this Court "affirm[ed] the trial court's order as to the remaining defendants—Estate of Emory Vess; Doris Harrison; Johnson, Price & Sprinkle, P.A.; Cheryl Kirkland; and Carmen Anna McKenzie." *Vandervoort v. McKenzie*, 105 N.C. App. 297, 299-301, 412 S.E.2d 696, 697-98 (1992). This Court did not address the appropriateness of summary judgments for Gateway and Gilliam.

On 27 April 1993, upon motion by plaintiff for default judgment against Gateway and Gilliam, the trial court found that an amended complaint and summons was filed against Gateway and Gilliam on 5 October 1988, that process was duly served on Gateway on 6 October 1988, and on Gilliam on 13 November 1988, and that neither has filed an Answer or other pleading and no extension of time within which to plead has been requested or given and the time within which they might plead expired. The trial court also found that on 21 March 1989, the defaults of Gateway and Gilliam were duly entered and have not been set aside. The trial court then granted default judgment for plaintiff, declaring him the owner of an easement as to Gateway and Gilliam and enjoined them from interfering with plaintiff's use of the roadway.

---

The issue presented is whether in an action to establish an easement by prescription over the properties of several defendants, the trial court can, by entry of a default judgment, grant the easement across the property of a non-answering defendant and by grant of summary judgment deny the easement across the property of an answering defendant.

Where a plaintiff files a complaint for joint and several liability against several defendants, and one of them does not respond to the complaint, the proper procedure is to *enter* default against the non-answering defendant who loses his standing in court and is not entitled to appear in any way and proceed upon the other defendants' answers. *Harris v. Carter*, 33 N.C. App. 179, 182,

VANDERVOORT v. GATEWAY MOUNTAIN PPTY. OWNERS ASSN.

[114 N.C. App. 655 (1994)]

234 S.E.2d 472, 474 (1977); *Leonard v. Pugh*, 86 N.C. App. 207, 210-11, 356 S.E.2d 812, 815 (1987); *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872). If the court decides against the plaintiff on the merits of the claim asserted against the answering defendants, the complaint should be dismissed as to all defendants, including the defaulting party; likewise, if the court decides in favor of the plaintiff, he is entitled to a final judgment against all. *Id.* "It would be unreasonable to hold that because one defendant had made default the plaintiff should have a decree even against him, where the court is satisfied from the proofs offered by the other, that in fact the plaintiff is not entitled to a decree." *Frow*, 82 U.S. (15 Wall.) at 554, 21 L. Ed. at 61. This principle and reasoning which applies to joint and several liability extends to cases where several defendants have closely related defenses or where "it is necessary that the relief against the defendants be consistent." 10 *Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure* § 2690 (1983 & Supp. 1993).

Although plaintiff's claim against the defendants does not seek joint and several liability, the evidence in this case requires that the plaintiff's request for an easement be denied as to all the defendants. The undisputed testimony as reflected in our earlier opinion, *Vandervoort*, 105 N.C. App. 297, 412 S.E.2d 696, is that an essential element of plaintiff's claim did not exist because he "did not intend to hold the easement to the exclusion of [all] others." *Id.* at 301, 412 S.E.2d at 698 (plaintiff must prove that "use is adverse, hostile or under a claim of right"). It would therefore be inconsistent to allow imposition of a prescriptive easement as to the non-answering defendants owning property through which the easement passes while not allowing an easement on other portions of the same roadway passing through property owned by the answering defendants.

For these reasons, the trial court erred in granting the plaintiff an easement over the property of Gateway and Gilliam. The judgment of default therefore must be reversed.

Reversed.

Judges JOHNSON and MARTIN concur.