RICHARD F. HARLOW AND JANE R. HARLOW v. VOYAGER COMMUNICATIONS V,
CARL C. VENTERS AND JACK P. McCARTHY

No. 612PA97

(Filed 9 July 1998)

### Judgments § 166 (NCI4th)— multiple defendants—joint and several liability—default judgment against one defendant

Final judgment on the merits may be made separately against one defendant who is in default when there are multiple defendants who are alleged to be jointly and severally liable. The principle stated in *Frow v. De La Vega*, 82 U.S. 552, should be applied only where the defendants have been alleged as jointly liable rather than jointly and severally liable.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 127 N.C. App. 623, 492 S.E.2d 45 (1997), vacating an order entered by Beal, J., on 10 June 1996 in Superior Court, Mecklenburg County. Heard in the Supreme Court 26 May 1998.

*Smith Helms Mulliss & Moore, L.L.P., by James G. Exum, Thomas D. Myrick, and Maurice O. Green, for plaintiff-appellants.*

*Thomas W. Steed, Jr., for defendant-appellee Voyager Communications V.*

ORR, Justice.

The issue in this case is whether the Court of Appeals erred in vacating the trial court's order entering a default against defendant Voyager Communications V (Voyager). Specifically, we must determine whether a final judgment on the merits can be made separately against one defendant who is in default when there are multiple defendants who are alleged to be jointly and severally liable. This is an issue of first impression for this Court.

This case initially arose out of a claim of fraud and breach of fiduciary duty brought by plaintiffs, Richard and Jane Harlow, against defendants, Voyager, Carl Venters, and Jack McCarthy. Plaintiff Richard Harlow was employed by defendant Voyager from 1983 to 1993. During that time, Harlow was granted options and purchased a considerable amount of stock in defendant Voyager. Plaintiffs allege

that defendants later made material misrepresentations concerning the value of defendant Voyager's stock which induced plaintiffs to sell their stock to defendants at a considerable loss and for substantially less than its actual value.

In the complaint, filed on 28 April 1995, plaintiffs alleged that defendants were jointly and severally liable for damages flowing from the fraud and breach of fiduciary duty. Defendants filed an answer on 28 June 1995 essentially denying the allegations of fraud and breach of fiduciary duty and claiming as defenses that plaintiffs failed to state a claim upon which relief could be granted and that they were estopped from bringing the action because plaintiff Richard Harlow, as an officer and director of defendant Voyager, knew or should have known of all circumstances and facts concerning the operations and financial condition of Voyager. Plaintiffs then filed a request for documents on 13 December 1995. While defendant Voyager did produce some of the requested documents, it failed to produce all requested documents essential to plaintiffs' claim. Subsequently, on 20 May 1996, plaintiffs moved to compel discovery, and the trial court responded by ordering defendant Voyager to produce all documents requested in discovery by 24 May 1996. However, once again, defendant Voyager failed to produce all the documents which plaintiff had requested.

On 31 May 1996, plaintiffs filed a motion to show cause for contempt and for sanctions. The motion was heard on 6 June 1996. Based upon the evidence presented at the hearing, the trial court entered the following conclusions of law:

1. The Court's Order Compelling Discovery set a deadline of May 24, 1996 at 5:00 p.m. for Voyager V to produce all documents responsive to the Requests, which deadline was not met;

2. The Court's Order Compelling Discovery authorized Plaintiff's [sic] to set the time and place for the taking of Voyager V's deposition, which time and place was set by Plaintiff and willfully not attended by Voyager V;

3. Voyager V's failures to comply with the Court's Order Compelling Discovery were each willful, without justification or excuse and constitute civil contempt;

4. Voyager V's failures to comply with this Court'[s] Order Compelling Discovery are also sanctionable under Rule 37 of the North Carolina Rules of Civil Procedure; and

5.  This Court has, independently of prior orders, considered less harsh sanctions but finds that, given the course of willful conduct by Voyager V, the sanctions imposed hereby are necessary and appropriate; however, the Court finds it unnecessary to impose sanctions for contempt.

Based upon these conclusions of law, the trial court entered an order: (1) allowing plaintiffs' motion for contempt; (2) striking defendant Voyager's answer; (3) entering a default judgment against defendant Voyager; (4) ordering defendant Voyager to pay plaintiffs' costs in bringing the action for sanctions; and (5) ordering the clerk to "put this Action on for trial by jury to determine the amount of damage as to Voyager V, and all other issues as to the other Defendants." Subsequently, on 5 July 1996, plaintiffs filed a notice of voluntary dismissal as to the remaining defendants, Venters and McCarthy, leaving defendant Voyager as the lone defendant in default, with damages to be determined.

Defendant Voyager then appealed to the Court of Appeals, which, in a unanimous opinion, vacated and remanded the trial court's order of default. In the opinion below, the Court of Appeals held that "[u]nder North Carolina law, when a plaintiff alleges joint liability against multiple defendants of which only one defaults, a default judgment may not be entered against the defaulting defendant until after the court adjudicates the liability of the non-defaulting defendants." *Harlow v. Voyager Communications V*, 127 N.C. App. 623, 624, 492 S.E.2d 45, 46 (1997). Based upon this principle, the Court of Appeals determined that the trial court's order of default against defendant Voyager was premature because the liability of the other defendants had not been adjudicated. Thus, the Court of Appeals reversed the trial court.

In reaching its decision, the Court of Appeals relied on the case of *Moore v. Sullivan*, 123 N.C. App. 647, 473 S.E.2d 659 (1996), in which the court stated, "in a default judgment situation when a plaintiff has alleged joint liability, a default judgment should not be entered against the defaulting defendant if one or more of the defendants do not default." *Id.* at 650, 473 S.E.2d at 661. Instead, an entry of default should be entered against the defaulting defendant. Under this principle, the entry of default serves to cut off the defaulting defendant's right to participate in the trial on the merits of the other defendants. In effect, the defaulting defendant is locked out, and a

final judgment against him must await the outcome or judgment of the remaining defendants. *Id.*

This principle was enunciated by the United States Supreme Court in *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872), as follows:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Id.* at 554, 21 L. Ed. at 61.

While the Court of Appeals correctly stated the principle of *Frow*, the principle does not apply in the present case because defendants have not been alleged as jointly liable, but as *jointly and severally liable.* The *Frow* principle should be applied where the defendants have been alleged only as jointly liable. When two or more obligors are alleged jointly, it means that they are "undivided" and "must therefore be prosecuted in a joint action against them all." *Black's Law Dictionary* 837 (6th ed. 1990). Because the liability cannot be divided, the matter can be decided only in a like manner as to all defendants. Therefore, if one is liable, then all must be liable, and if one is not liable, then all are not liable.

Where the plaintiff has alleged the defendants to be jointly and severally liable, the *Frow* principle will not apply because the defendants are not so closely tied that the judgment against each must be consistent. "A liability is said to be joint and several when the creditor may demand payment or sue one or more of the parties to such liability separately, or all of them together at his option." *Id.* Thus, the matter can be decided individually against one defendant without implicating the liability of other defendants. This principle is further explained in *Moore's Federal Practice*, which provides:

> *Frow* also does not apply in cases involving the joint and several liability of multiple defendants for damages, because in such a case the liability of each defendant is not necessarily dependent upon the liability of any other defendant, and plaintiff may be made whole by a full recovery from any defendant.

10 James W. Moore et al., *Moore's Federal Practice* ¶ 55.25, at 55-46 (3d ed. 1997).

We note that several federal courts have limited the application of the *Frow* principle to joint liability. In *In re Uranium Antitrust Litigation*, 617 F.2d 1248 (7th Cir. 1980), the United States Court of Appeals for the Seventh Circuit stated:

> But to apply *Frow* to a claim of joint and several liability is to apply that venerable case to a context for which it was never intended, and ignores the several or independent aspects of the claim set forth in this complaint. The result in *Frow* was clearly mandated by the Court's desire to avoid logically inconsistent adjudications as to liability. However, when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking. Such is this case involving joint and several liability.

*Id.* at 1257-58 (footnotes omitted).

Our North Carolina Court of Appeals has applied the *Frow* principle only in circumstances involving joint liability. For example, in *Leonard v. Pugh*, 86 N.C. App. 207, 356 S.E.2d 812 (1987), a case involving a landowner seeking to extinguish an easement against multiple defendants, the Court of Appeals stated:

> Where a complaint alleges a joint claim against more than one defendant, default judgment pursuant to G.S. 1A-1, Rule 55 should not be entered against a defaulting defendant until all defendants have defaulted; or if one or more do not default[,] then, generally, entry of default judgment should await an adjudication as to the liability of the non-defaulting defendants.

*Id.* at 210-11, 356 S.E.2d at 815.

As noted, in the present case, plaintiffs alleged defendants to be jointly and severally liable. Thus, the *Frow* principle, as it has been defined and applied in both federal and state law, is not applicable to the present case. At oral argument before this Court, counsel for defendant Voyager candidly and commendably acknowledged that

*Frow* did not control in this case. Accordingly, we hold that the Court of Appeals erred in applying the *Frow* principle to the present case.

Defendant Voyager, in its brief and at oral argument, has further sought to have this Court review the issues originally presented to the Court of Appeals involving whether the trial court properly imposed sanctions against defendant Voyager. This Court's grant of discretionary review was based only on the issue involving *Frow*, and thus we decline to consider the other issues. Instead, we remand to the Court of Appeals in order that the original issues brought forth on appeal may be addressed.

REVERSED AND REMANDED.