DEYLAN T. GRIER BY AND THROUGH HIS GUARDIAN AD LITEM, LESLIE A. BROWN AND LESLIE A. BROWN, INDIVIDUALLY, PLAINTIFFS-APPELLEES

v.

DONNÀ L. GUY, ROBIN JENKINS AND LEROY JENKINS, JR., DEFENDANTS-APPELLANTS

No. COA12-416

Filed 18 December 2012

**1. Judgments—refusal to set aside default judgment—no excusable neglect—service of process**

The trial court did not abuse its discretion by denying defendant Robin Jenkin's (defendant's) motion to set aside a default judgment under Rule 60(b) on the ground of excusable neglect. The complaint and summons were hand delivered to Guy, defend-

ant's mother, with a copy for defendant, at the home in which they both lived. Though Guy informed defendant that she believed the papers were intended for defendant's stepfather (Leroy Jenkins), defendant was on notice that the sheriff had brought legal papers to the home. Ignorance of the judicial process or confusion about the nature of the action is not excusable neglect under Rule 60(b).

**2. Appeal and Error—preservation of issues—failure to set aside default judgment—motion on other grounds**

Defendant's argument on appeal that plaintiff did not state a claim and that the trial court erred by entering a default judgment against her was dismissed where her motion in the trial court was on other grounds. Defendant moved in the trial court to set aside the default judgment on the grounds that service of process was improper rather than any argument that plaintiffs' complaint failed to state a claim against her.

**3. Judgments—refusal to set aside default judgment for all parties—judgment not illogical or unjust**

The trial court did not err by not setting aside a default judgment against defendant when it set aside a default judgment against a co-defendant, Leroy Jenkins. Defendant and Jenkins were jointly and severally liable, not jointly liable, and the eventual summary judgment in favor of Jenkins did not necessarily render judgment against defendant illogical or unjust. Even assuming *arguendo* the *Frow* principle, *Frow v. De La Vega*, 82 U.S. 552, 554(1872), could apply on these facts, defendant failed to show any error.

Appeal by Defendant Robin Jenkins from judgment entered 19 February 2009 and order entered 19 January 2010 by Judge Robert P. Johnston and judgment entered 21 December 2011 by Judge H. William Constangy in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 September 2012.

*Price, Smith, Hargett, Petho & Anderson, by Wm. Benjamin Smith; Archibald Law Office, by C. Murphy Archibald, for Plaintiffs-Appellees.*

*Allen, Kopet & Associates, P.L.L.C., by Glenn E. Miller, Jr., for Defendants-Appellants.*

McGEE, Judge.

Only Defendant Robin Jenkins (Defendant) appeals from a default judgment and an order denying her Motion to Set Aside Default Judgment. For the reasons stated below, we affirm in part and dismiss in part.

On or about 17 February 2006, Plaintiff Deylan T. Grier (Grier) allegedly suffered severe burns to his person while in the care of Defendant Donna L. Guy (Guy). Plaintiffs allege that the injury occurred at 9400 Lake Spring Avenue, Charlotte, North Carolina, a home owned by Defendant and her husband, Defendant Leroy Jenkins, Jr. (Jenkins). Defendant is Guy's mother. Rp 31. Jenkins is Guy's stepfather. Grier, through his mother, Leslie A. Brown (Brown), as his guardian *ad litem*, filed a complaint in Mecklenburg County Superior Court on 25 January 2008. Plaintiffs alleged negligent and willful and wanton injury by Guy. Against Defendant and Jenkins, Plaintiffs alleged a claim of negligent entrustment of Defendant's and Jenkins' home.[1] In her individual capacity, Brown sued to recover medical expenses incurred on behalf of Grier.

A sheriff's deputy hand-delivered a copy of Plaintiffs' complaint and summons to Guy at the Lake Spring Avenue home on 1 February 2008. The deputy also left a copy of Plaintiffs' complaint and summons for Defendant and Jenkins with Guy. Defendant and Guy both resided at the Lake Spring Avenue home at the time of service. Jenkins did not reside at the Lake Spring Avenue home at the time of service. According to Guy's affidavit, although she accepted service of process for Defendant, she did not remember giving Defendant the documents. Guy did, however, inform Defendant that someone from the sheriff's office had stopped by the house looking for Jenkins, and had left some papers.

After Defendants failed to file a responsive pleading within the time allowed, the Clerk of Superior Court entered an entry of default against Guy, Jenkins, and Defendant on 24 September 2008. The trial court granted a judgment by default against Guy, Jenkins, and Defendant on 19 February 2009, awarding medical expenses, compensatory damages, and punitive damages to Plaintiffs.

Counsel for all three Defendants filed a motion to set aside the default judgment pursuant to Rule 60 of the North Carolina Rules of

---

1. We note that we can find no case where the negligent entrustment of real property has been recognized as a cause of action in North Carolina. However, because Defendant does not argue on appeal that there is no such cause of action in North Carolina, she has abandoned this argument. N.C.R. App. P. 28(b)(6). For the purposes of this appeal we assume, without deciding, that such a cause of action does exist.

Civil Procedure on 1 December 2009. On 19 January 2010, without objection from Plaintiffs, the trial court set aside the default judgment as to Jenkins due to the failure to properly serve process upon Jenkins. The trial court denied the motion as to Guy and Defendant, finding no mistake, inadvertence, or excusable neglect.

Jenkins, through an attorney different from the one who had argued the Rule 60 motion, filed an answer to Plaintiffs' complaint on 5 August 2010. Jenkins subsequently filed a motion for summary judgment on 9 May 2011. The trial court granted summary judgment in favor of Jenkins on 21 December 2011. Defendant appeals.

I

**[1]** Defendant first argues that the trial court erred in denying Defendant's motion to set aside the default judgment under Rule 60(b) on the grounds of mistake, inadvertence, surprise, or excusable neglect. We disagree. Since Defendant's brief discusses only the ground of excusable neglect, we confine our analysis to this ground. *See* N.C.R. App. P. 28(a) ("The scope of review on appeal is limited to issues so presented in the several briefs.").

N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2011) of the North Carolina Rules of Civil Procedure permits a court to set aside a default judgment on the grounds of "[m]istake, inadvertence, surprise, or excusable neglect[.]" Determining what constitutes excusable neglect is a fact-specific determination in which the Court must consider "all the surrounding circumstances" to decide what "may be reasonably expected of a party in paying proper attention to his case." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 555 (1986). The party claiming excusable neglect must also show that he had a meritorious defense. *Monaghan v. Schilling*, 197 N.C. App. 578, 584, 677 S.E.2d 562, 566 (2009).

However, in the absence of sufficient evidence of excusable neglect, there is no need to reach the question of a meritorious defense. *Id.* Generally, this Court will not find excusable neglect where the party establishes merely that he was ignorant of the judicial process or misunderstood the nature of the action against him, even when the party has little education. *In re Hall*, 89 N.C. App. 685, 688-89, 366 S.E.2d 882, 885 (1988). Our Supreme Court has found excusable neglect where the defendant was assured by her husband that he had paid the judgment and that she did not need to respond to the summons and complaint. *McInnis*, 318 N.C. at 425-26, 349 S.E.2d at 555. Subsequent cases citing *McInnis* have not expanded reliance

on a family member's assurances beyond husband and wife, and then only construe it narrowly. *See, e.g., Mitchell County DSS v. Carpenter*, 127 N.C. App. 353, 356-357, 489 S.E.2d 437, 439 (1997) (finding inexcusable neglect where disabled defendant usually relied upon her husband for transportation to court proceedings but was not lulled into reliance by him).

Here, Defendant was on notice that the sheriff had brought legal papers to the Lake Spring Avenue home. Further, Guy properly accepted service as a "person of suitable age and discretion then residing therein" under Rule 4(j)(1)(a) of the Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a) (2011). Defendant does not argue that Guy was not competent to accept service. Guy did not assure Defendant that she would take care of the matter or lull her into believing, as in *McInnis*, that she did not need to respond. Though Guy informed Defendant that she believed the papers were intended for Jenkins, under *In re Hall*, ignorance of the judicial process or confusion about the nature of the action is not excusable neglect under Rule 60(b). Since we find no evidence of excusable neglect, we need not consider whether Defendant had a meritorious defense. *Monaghan*, 197 N.C. App. at 584, 677 S.E.2d at 566.

Thus, we find no abuse of discretion in the trial court's denial of Defendant's motion to set aside the default judgment under Rule 60.

II.

**[2]** Defendant argues that the trial court erred in entering a default judgment against her when Plaintiffs' complaint failed to state a valid cause of action against her. Defendant has abandoned this argument.

Defendant moved to set aside the default judgment on the grounds that service of process was improper. We have held against Defendant on this issue above. Defendant did not move to set aside the default judgment based upon any argument that Plaintiffs' complaint failed to state a claim against her.

> A default judgment admits only the averments in the complaint, and the defendant may still show that such averments are insufficient to warrant the plaintiff's recovery. A complaint which fails to state a cause of action is not sufficient to support a default judgment for plaintiff. Accordingly, if the complaint in the present action failed to state a cause of action as against [movant], the default judgment against her cannot be

supported and must be set aside even without any show-
ing of mistake, surprise or excusable neglect.

*Lowe's v. Worlds*, 4 N.C. App. 293, 295, 166 S.E.2d 517, 518 (1969)
(citations omitted). In *Lowe's*, however, the appellant had moved the
trial court to set aside the default judgment because the complaint
failed to state a claim against her. *Id.* at 295, 166 S.E.2d at 518; *see
also Presnell v. Beshears*, 227 N.C. 279, 280, 41 S.E.2d 835, 836 (1947)
(stating that the defendant's motion to set aside the judgment was
based on the complaint's failure to state a claim).

Rule 10(a) of the Rules of Appellate Procedure requires that the
appellant "have presented to the trial court a timely request, objec-
tion, or motion, stating the specific grounds for the ruling the party
desired the court to make if the specific grounds were not apparent
from the context." N.C.R. App. P. 10(a)(1). "[A] contention not made
in the court below may not be raised for the first time on appeal[.]"
*Higgins v. Simmons*, 324 N.C. 100, 103, 376 S.E.2d 449, 452 (1989).
The appellant is not entitled to "swap horses between courts in order
to get a better mount in the appellate courts." *State v. Holliman*, 155
N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (citations and internal
quotation marks omitted). Defendant's argument is dismissed for
this reason.

Further, Defendant argues that she could not have known at the
time she filed her motion to set aside the default judgment that sum-
mary judgment would subsequently be granted in favor of Jenkins.
Defendant states: "Therefore, the Summary Judgment entered in
favor of . . . Jenkins . . . on the basis that Plaintiffs' Complaint did not
state a valid claim" supports her argument that Plaintiffs' complaint
did not state a valid claim against her. Defendant appears to misap-
prehend the distinction between a 12(b)(6) motion and a motion for
summary judgment. The former tests whether a complaint states a
valid claim; the latter does not.

The distinction between a Rule 12(b)(6) motion to dis-
miss and a motion for summary judgment is more than
a mere technicality. When considering a 12(b)(6) motion
to dismiss, the trial court need only look to *the face of
the complaint* to determine whether it reveals an insur-
mountable bar to plaintiff's recovery. By contrast, when
considering a summary judgment motion, the trial court
must look at more than the pleadings; it must also con-
sider additional matters such as affidavits, depositions

and other specified matter outside the pleadings. Summary judgment is proper only when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law.

*Locus v. Fayetteville State Univ.*, 102 N.C. App. 522, 527, 402 S.E.2d 862, 866 (1991) (citations omitted). Defendant had every opportunity, in her motion to set aside the default judgment, to challenge the complaint against her on its face, and she failed to do so.

In deciding Jenkins' motion for summary judgment, the trial court will have considered affidavits and other evidence outside the pleadings, which tended to show Jenkins was Guy's stepfather, and was living in South Carolina at times relevant to this action. Defendant, on the other hand, is Guy's biological mother, and was living with Guy in the home in which Grier was injured.

In addition, Defendant makes no argument on appeal, stating in what manner the complaint failed to state a claim against her. This violates Rule 28(b)(6) of the N.C. Rules of Appellate Procedure, and this Court will not make Defendant's argument for her. This argument is dismissed. *Ahmadi v. Triangle Rent A Car, Inc.*, 203 N.C. App. 360, 363, 691 S.E.2d 101, 103 (2010).

III.

**[3]** Defendant further argues that the trial court should have set aside the default judgment against her when it set aside the default judgment against Jenkins. We disagree.

Defendant argues that because Defendant and Jenkins were to be held jointly and severally liable under Plaintiffs' complaint, once summary judgment was granted in favor of Jenkins, Defendant could not be held liable. Defendant mainly relies on *Vandervoort v. Gateway Mountain Ppty. Owners Assn.*, 114 N.C. App. 655, 442 S.E.2d 350 (1994), which states:

> Where a plaintiff files a complaint for joint and several liability against several defendants, and one of them does not respond to the complaint, the proper procedure is to *enter* default against the non-answering defendant who loses his standing in court and is not entitled to appear in any way and proceed upon the other defendants' answers. If the court decides against the plaintiff on the merits of the claim asserted against the answering defendants, the complaint should be dismissed as to all defendants, including the defaulting party; likewise,

if the court decides in favor of the plaintiff, he is entitled to a final judgment against all. . . . . This principle and reasoning which applies to joint and several liability extends to cases where several defendants have closely related defenses or where "it is necessary that the relief against the defendants be consistent."

*Id.* at 657-58, 442 S.E.2d at 352 (citations omitted); *see also Rawleigh, Moses & Co. v. Furniture, Inc.*, 9 N.C. App. 640, 643-44, 177 S.E.2d 332, 333-34 (1970), citing Moore, Federal Practice and Procedure, Sec. 55.06, pp. 1819-21 (*"This rule may also be applied with propriety where the liability is both joint and several or is in some other respect closely interrelated."*). The principle at play in *Vandervoort* and *Rawleigh* is known as the *Frow* principle, grounded in the following language from the United States Supreme Court:

The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal. This was so expressly decided by the New York Court of Errors, in the case of *Clason v. Morris.* Spencer, J., says: "It would be unreasonable to hold, that because one defendant had made default, the plaintiff should have a decree even against him, where the court is satisfied from the proofs offered by the other, that in fact the plaintiff is not entitled to a decree."

*Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872). *Frow* does not address joint and several liability, or liability that is otherwise closely interrelated and, subsequent to *Vandervoort* and *Rawleigh*, our Supreme Court held that the *Frow* principle does *not* apply when liability is joint and several:

> While the Court of Appeals correctly stated the principle of *Frow*, the principle does not apply in the present case because defendants have not been alleged as jointly liable, but as *jointly and severally liable*. The *Frow* principle should be applied where the defendants have been alleged only as jointly liable. When two or more obligors are alleged jointly, it means that they are "undivided" and "must therefore be prosecuted in a joint action against them all." Because the liability cannot be divided, the matter can be decided only in a like manner as to all defendants. Therefore, if one is liable, then all must be liable, and if one is not liable, then all are not liable.

*Harlow v. Voyager Communications V*, 348 N.C. 568, 571, 501 S.E.2d 72, 74 (1998) (citation omitted); *see also id.* at 571-73, 501 S.E.2d at 74-75. To the extent that *Vandervoort* and *Rawleigh* are in conflict with *Harlow*, they have been overruled. Therefore, to the extent that Defendant's argument is that the *Frow* principle should be applied in this case because Defendant is jointly and severally liable with Jenkins, and summary judgment was granted in favor of Jenkins, Defendant's argument fails. "Where the plaintiff has alleged the defendants to be *jointly and severally liable*, the *Frow* principle will *not apply* because the defendants are *not so closely tied that the judgment against each must be consistent.*" *Harlow*, 348 N.C. at 571, 501 S.E.2d at 74 (emphasis added).

Defendant cites *Harlow* in her brief, but argues that *Harlow* is not dispositive because the claims against Defendant and Jenkins are more "interrelated" than the claims against the defendants in *Harlow*. Defendant claims that our Supreme Court in *Harlow*

> indicated that in cases where logically inconsistent adjudications as to liability could be produced if a final judgment on the merits is made separately against one defendant who is in default when there are multiple defendants who are alleged to be jointly and severally liable then the principle set forth in *Vandervoort* should be applied.

Unhelpfully, Defendant does not cite to *Harlow*, or any other opinion, in support of this contention. We note that *Harlow* does not cite or otherwise mention *Vandervoort*. Our review of *Harlow* finds nothing to support Defendant's statement. In fact, the plain holding of *Harlow*, that the *Frow* principle does *not* apply when liability is joint

and several, clearly undermines Defendant's argument. Nothing in *Frow* suggests that an outcome with "logically inconsistent adjudications" in cases where the defendants are not jointly liable is sufficient to invoke the *Frow* principle. Defendant cites us to no other authority in support of this argument.

Our own research uncovers little beyond *Vandervoort* and *Rawleigh* to support Defendant's argument, and the portions of *Vandervoort* and *Rawleigh* that may support Defendant's position, and that have not been overruled by *Harlow*, are dicta. Our Court has cited some federal case law in an unpublished opinion that might support the concept that the *Frow* principle could apply in certain situations where liability was not joint, though the cases cited in this opinion are not all supportive of Defendant's position:

> Following the trend in federal jurisdictions, our Supreme Court has limited the *Frow* holding to cases "where the defendants have been alleged only as jointly liable." *Harlow v. Voyager Communications V*, 348 N.C. 568, 571, 501 S.E.2d 72, 74 (1998); *see also In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257–58 (7th Cir. 1980) ("The result in *Frow* was clearly mandated by the Court's desire to avoid logically inconsistent adjudications as to liability. However, when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking."), *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 n. 4 (2d Cir. 1976), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730 (1978) ("[A]t most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."), *Whelan v. Abell*, 953 F.2d 663, 674–75 (D.C.Cir.1992) ("[A] default order that is inconsistent with a judgment on the merits must be set aside only when liability is truly joint—that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all.").

*Cole v. Erwin*, ___ N.C. App. ___, 729 S.E.2d 128, 2012 WL 2895265, *6 (2012) (unpublished opinion). The United States Bankruptcy Court from the Middle District of North Carolina has embraced applying the *Frow* principle when allowing default judgment against one defendant would be logically inconsistent with the outcome for similarly sit-

uated non-defaulting defendants. *In re Moss*, 03-12672C-7G, 04-2004, 2005 WL 1288134 (Bankr. M.D.N.C. May 16, 2005) ("*Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984) (holding that the principle that 'when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits' is sound policy). *Cf. Westinghouse Elec. Corp. v. Rio Algom Ltd. (In re Uranium Antitrust Litigation)*, 617 F.2d 1248, 1257 (7th Cir.1980) (stating that *Frow* was not applicable where different results as to different parties were not logically inconsistent)."); *see also Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944-45 (4th Cir. 1967).

Defendant has not cited to any binding precedent supporting her argument, and we have found none. We need not answer this question here, however, because Defendant would fail even if we accepted her argument. In order to have prevailed at trial against both Defendant and Jenkins, Plaintiffs would have had to prove that use of the house by Guy was consented to and authorized by Defendant and Jenkins, *Hill v. West*, 189 N.C. App. 189, 193, 657 S.E.2d 694, 697 (2008), and that Defendant and Jenkins knew, or reasonably should have known, that Guy was incompetent or reckless, and likely to cause injury to others while utilizing the house. *Swicegood v. Cooper*, 341 N.C. 178, 180, 459 S.E.2d 206, 207 (1995).

In this case, an affidavit submitted with Jenkins' motion to set aside the default judgment avers that Jenkins "was not living at th[at] residence[,]" and "as of 2004, [Jenkins] had moved to 7822 Toogooboo Road, Hollywood, South Carolina[;] . . . this address [in South Carolina] ha[d] been [Jenkins'] dwelling house and usual place of abode from 2004 to the present date." Jenkins also filed an answer in which Jenkins asserted that he was "without knowledge or information sufficient to form a belief as to the truth of the allegation[s]" because "at all times relevant to the Complaint, he continued to help pay the mortgage on the house . . . but that he did not, at any time relevant to the Complaint, reside therein." Jenkins made a motion for summary judgment arguing there was no genuine issue of material fact as to the negligent entrustment claim against him, and the trial court entered an order granting Jenkins' motion for summary judgment.

Plaintiffs' complaint alleged that Defendant and Jenkins "knew or should have known that [Guy] would be likely to cause injury to . . . Grier or allow him to be injured while in her custody." There is nothing logically inconsistent with a finding that Defendant, who is Guy's biological mother and was living in the house with Guy at the

time of the incident, had the requisite knowledge, while Jenkins, who was not Guy's biological parent and was not living in the house, did not.

Though it is possible Defendant would have prevailed at trial, this is generally the case when the sanction of default judgment has been entered. Defendant and Jenkins were jointly and severally liable, not jointly liable, and summary judgment in favor of Jenkins did not necessarily render judgment against Defendant illogical or unjust. Even assuming *arguendo* the *Frow* principle could apply on these facts, Defendant fails to show any error was committed by the trial court when it entered, and subsequently maintained, default judgment against Defendant. This argument is without merit.

Affirmed in part; dismissed in part.

Judges BEASLEY and THIGPEN concur.