An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-99

Filed 5 November 2025

Mecklenburg County, No. 21CVS018165-590

SLOK, LLC, Plaintiff,

v.

COURTSIDE CONDOMINIUM OWNERS ASSOCIATION, INC., Defendant.

Appeal by plaintiff from orders entered 26 October 2022, 22 November 2022, and 28 December 2022 by Judge George Bell; 27 February 2023 by Judge David Strickland; and 30 June 2023 by Judge Donald R. Cureton, Jr., in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 August 2025.

> *Gray, Layton, Kersh, Solomon, Furr & Smith, P.A., by William E. Moore, Jr., for plaintiff-appellant.*

> *Parker Poe Adams & Bernstein LLP, by Daniel E. Peterson, and Sellers, Ayers, Dortch & Lyons, PA, by Michelle Massingale Dressler, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff SLOK, LLC, ("SLOK") appeals from several of the trial court's orders, including the court's order granting the motions to dismiss and for summary judgment filed by Defendant Courtside Condominium Owners Association, Inc. (the

SLOK, LLC v. Courtside Condo. Owners Ass'n, Inc.

*Opinion of the Court*

"Owners Association"). After careful review, we affirm.

## I.    Background

This long-running saga arrives at this Court for review for a fourth time. *See SLOK, LLC v. Courtside Condo. Owners Ass'n* ("*SLOK I*"), 265 N.C. App. 111, 826 S.E.2d 580, 2019 WL 1749031 (unpublished), *disc. rev. denied*, 372 N.C. 706, 830 S.E.2d 825 (2019); *SLOK, LLC v. Courtside Condo. Owners Ass'n* ("*SLOK II*"), 279 N.C. App. 512, 862 S.E.2d 438, 2021 WL 4272876 (2021) (unpublished); *In re SLOK, LLC* ("*SLOK III*"), 283 N.C. App. 327, 871 S.E.2d 418, 2022 WL 1311686 (2022) (unpublished). The full factual background of this matter can be found in those prior opinions; we recite here only those facts necessary for the appeal before us.

The Owners Association, a non-profit corporation, maintains and administers a Charlotte condominium complex comprising 106 residential units and one commercial unit. *SLOK I*, 2019 WL 1749031 at *1. The Owners Association is governed in accordance with the Declaration of Condominium for Courtside Condominium ("Declaration"). *Id.* SLOK is the current owner of the commercial unit. *Id.* In 2012, the Owners Association and the then-owner of the commercial unit executed an amendment to the Declaration ("the 2012 Amendment") that established a new commercial trash room as a limited common element for the exclusive use of the commercial unit. *Id.* at *1–*2. The Owners Association assumed responsibility for the maintenance, repair, and operation of the commercial trash room while the commercial unit's owner agreed to be responsible for the associated costs. *Id.* at *2.

SLOK, LLC v. Courtside Condo. Owners Ass'n, Inc.

*Opinion of the Court*

Upon purchasing the commercial unit in 2014, SLOK failed to pay assessments for the costs associated with the commercial trash room. *Id.* at *1–*2. The Owners Association commenced a foreclosure proceeding, which was dismissed upon SLOK's payment of the outstanding assessments; the Owners Association also fined SLOK for violations of certain terms of the Declaration. *Id.* at *2. SLOK filed suit against the Owners Association in 2017, but the trial court granted summary judgment in favor of the Owners Association and, *inter alia*, authorized the Owners Association to proceed with judicial foreclosure in the event that SLOK failed to remove personal property from the commercial trash room and pay the assessed fines. *Id.* at *2–*4.

In *SLOK I*, this Court concluded that SLOK was estopped from challenging the validity of the 2012 Amendment and the assessments, *id.* at *4–*5, and affirmed the grant of summary judgment in favor of the Owners Association as to SLOK's claims alleging the denial of its rights regarding participation in the Owners Association's board and the withholding of access to common areas and mailboxes, *id.* at *6. However, we agreed with SLOK that the portion of the summary-judgment order authorizing judicial foreclosure if SLOK failed to pay the fines and remove personal property within 30 days of the order's entry was void as a conditional order. *Id.* at *8.

On remand, the trial court affirmed the judicial foreclosure in an order for attorney's fees; this Court subsequently reversed the order as to the foreclosure and again remanded. *SLOK II*, 2021 WL 4272876 at *6–*7. Although SLOK paid its outstanding assessments and fines during the pendency of *SLOK I* and *II*, its

assessment charges continued to accrue and the Owners Association again sought foreclosure. *SLOK III*, 2022 WL 1311686 at *1–*2. The Mecklenburg County Clerk of Superior Court entered an order authorizing the foreclosure in 2019, which the trial court affirmed. *Id.* at *1. In *SLOK III*, this Court held that the doctrine of *res judicata* barred SLOK from relitigating the validity of the 2012 Amendment or the Owners Association's accounting regarding SLOK's debt, and affirmed the trial court's affirmance of the order of foreclosure. *Id.* at *2–*3.

On 28 October 2021, while *SLOK III* was pending before this Court, the Owners Association recorded another amendment to the Declaration ("the 2021 Amendment"). The 2021 Amendment added a noise-level restriction and provided that the Owners Association had the right to suspend water services to a unit if its owner was delinquent in the payment of any assessment for more than 120 days. It also changed the number, term, qualifications, and election process of the Owners Association's board members.

On 10 November 2021, SLOK filed a new complaint against the Owners Association. In its first claim for relief, SLOK sought a declaratory judgment that (1) the 2021 Amendment was null and void; (2) SLOK still possessed veto rights under the Declaration; and (3) there was no debt owed by SLOK to the Owners Association for which the Owners Association could collect fees or fines. SLOK also alleged that the Owners Association violated N.C. Gen. Stat. § 47C-3-118 by refusing SLOK the opportunity to review the Owners Association's financial records, among others.

SLOK, LLC v. Courtside Condo. Owners Ass'n, Inc.

*Opinion of the Court*

Lastly, SLOK sought a further declaratory judgment that an easement barred it from using an exterior entrance to the commercial trash room and that it was therefore allowed to use an interior entrance so as to avoid committing trespass. SLOK also moved for a temporary restraining order and preliminary injunction.

On 18 November 2021, the trial court issued a temporary restraining order against the Owners Association, prohibiting it from suspending SLOK's water service or enforcing the 2021 Amendment's additional restrictions against SLOK's unit. On 17 December 2021, after a series of orders extending the temporary restraining order, the court entered a preliminary injunction prohibiting the Owners Association from imposing the 2021 Amendment's water-services provision and noise-level restriction.

On 31 January 2022, the Owners Association filed (1) a motion to dismiss the Owners Association's First Claim for failure to join all necessary parties pursuant to Rule 12(b)(7) of the North Carolina Rules of Civil Procedure; (2) a motion for a more specific statement as to SLOK's Second Claim; and (3) an answer, defenses, and counterclaims. On 13 September 2022, the motion to dismiss came on for hearing. On 26 October 2022, the trial court entered an order granting the Owners Association's motion to dismiss the First Claim, but permitting SLOK leave to amend its complaint to add necessary parties within 30 days. On 22 November 2022, the court entered an amended order granting the Owners Association's motion to dismiss, but allowing SLOK until 28 December 2022 to add as necessary parties the remaining owners in the condominium complex, and providing that if SLOK failed to do so, then its First

Claim would "be dismissed with prejudice."

On 30 November 2022, James, McElroy & Diehl, P.A., ("JMD") filed a motion for judicial assistance to determine whether a conflict of interest existed that required JMD's withdrawal as SLOK's counsel. JMD discovered a potential conflict of interest when it began investigating the condominium unit owners to be added as necessary parties, but Mekeisha Vicks, the sole member of SLOK, objected to JMD's withdrawal. On 8 December 2022, the Owners Association filed a motion for summary judgment. On 28 December 2022, the trial court entered a revised scheduling consent order extending SLOK's time to file and serve its amended complaint.

On 27 February 2023, the trial court entered an order relieving JMD as SLOK's counsel of record. SLOK retained new counsel and on 27 March 2023 filed its amended complaint. On 21 April 2023, SLOK filed a motion to continue the hearing on the Owners Association's motion for summary judgment, citing a need to review SLOK's file in light of its recent retention of new counsel and the fact that any ruling would be procedurally premature. The trial court did not respond to this motion, and the Owners Association's motion for summary judgment came on for hearing on 26 April 2023, during which the court heard oral arguments but made no decision. On 28 April 2023, SLOK filed a motion for an extension of time to comply with the trial court's order to add and serve all necessary defendants, stating that it had "substantially performed its duties . . . in efforts to join necessary parties" but that "the execution of such duties require[d] an extension of time." On 18 May 2023, SLOK

SLOK, LLC v. Courtside Condo. Owners Ass'n, Inc.

*Opinion of the Court*

filed a motion to continue the trial, which was calendared for 5 June; the trial court denied this motion.

On 26 May 2023, the Owners Association filed a motion to strike SLOK's amended complaint and to deny SLOK's motion for an extension of time. The Owners Association alleged, *inter alia*, that SLOK "fail[ed] to name the owners of at least seven condominium units . . . and name[d] at least eight individuals and/or entities that do not own condominium units" and that the motion for an extension of time was untimely.

On 30 June 2023, the trial court entered an order granting the Owners Association's motion to dismiss and its motion for summary judgment. As to the motion to dismiss, the court found that SLOK "failed to name all the remaining owners" in its amended complaint, and consequently dismissed the First Claim with prejudice. The court also found that no genuine issue of material fact existed with respect to SLOK's remaining claims and thus granted summary judgment in favor of the Owners Association, dismissing those claims with prejudice as well. Finally, the court dissolved the preliminary injunction.

SLOK timely filed notice of appeal from the trial court's order granting the Owners Association's motion to dismiss and motion for summary judgment. In the same filing, SLOK additionally gave notice of appeal from several prior interlocutory orders entered throughout the course of the proceedings.

SLOK subsequently filed a motion for relief from judgment pursuant to N.C.

SLOK, LLC v. Courtside Condo. Owners Ass'n, Inc.

*Opinion of the Court*

R. Civ. P. 60(b). On 11 March 2024, this Court remanded the matter to the trial court to conduct an evidentiary hearing on the Rule 60(b) motion and held the appeal in abeyance pending the trial court's order indicating what action it would take, but for the pending appeal. On 7 February 2025, the trial court entered its order, noting that it would deny SLOK's Rule 60(b) motion because SLOK "failed to present any newly discovered evidence or the evidence of a mistake, inadvertence, or fraud" in support of its motion regarding the Second Claim; as for the Third Claim, SLOK was estopped from arguing that it was unable to use the exterior entrance of the commercial trash room, as it had the opportunity to raise this issue in *SLOK I* but neglected to do so.

## II. Discussion

On appeal, SLOK advances several arguments in support of its contention that the trial court erred by granting the Owners Association's motion to dismiss and motion for summary judgment. SLOK also alleges that the court erred by denying its motions to continue the summary-judgment hearing and trial. For the reasons that follow, we conclude that none of these arguments are properly before this Court.

### A. Appellate Jurisdiction

SLOK raises an argument concerning two interlocutory orders: that the trial court erred by denying its motion to continue the summary judgment hearing and its motion to continue the trial. In its appellate brief, SLOK includes "[t]he *de facto* denial [of] (or failure to address)" its 21 April 2023 motion to continue as among the matters it seeks to appeal. However, SLOK did not include the trial court's treatment

of either this motion to continue or its motion to continue the trial in its list of interlocutory rulings from which it sought review in its notice of appeal. Nor, for that matter, did SLOK identify the trial court's 6 June 2023 written order denying its motion to continue in its notice of appeal.

Rule 3(d) of the North Carolina Rules of Appellate Procedure provides that the notice of appeal must "designate the judgment or order from which appeal is taken and the court to which appeal is taken." N.C.R. App. P. 3(d). "An appellant's failure to designate a particular judgment or order in the notice of appeal generally divests this Court of jurisdiction to consider that order." *Chahdi v. Mack*, 288 N.C. App. 520, 527, 886 S.E.2d 900, 906–07 (2023) (citation omitted).

Nevertheless, "[u]pon an appeal from a judgment, the [appellate] court may review any intermediate order involving the merits and necessarily affecting the judgment." N.C. Gen. Stat. § 1-278 (2023). Applying this statute, this Court has explained:

> [E]ven when a notice of appeal fails to reference an interlocutory order, in violation of Rule 3(d), appellate review of that order pursuant to N.C. Gen. Stat. § 1-278 is proper under the following circumstances: (1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment.

*Chahdi*, 288 N.C. App. at 528, 886 S.E.2d at 907 (citation omitted).

Our appellate courts "have found an interlocutory order to involve the merits

and necessarily affect the judgment where the order deprived an appellant of one of [its] substantive legal claims." *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 349–50, 666 S.E.2d 127, 134 (2008), *disc. review denied*, 363 N.C. 260, 677 S.E.2d 461 (2009). Yet SLOK does not contend, and we do not conclude, that the denial of or "de facto denial [of] (or failure to address)" its motions to continue involved the merits and necessarily affected the judgment in this case. SLOK has thus failed to preserve this issue for appellate review and "we conclude that our Court lacks jurisdiction under either N.C.R. App. P. 3(d) or [N.C. Gen. Stat.] § 1-278 to consider" SLOK's appeal of the denial of or "de facto denial [of] (or failure to address)" the motions to continue. *Id.* at 350, 666 S.E.2d at 135.

Indeed, SLOK does not reference N.C. Gen. Stat. § 1-278 in its appellate brief, and instead asserts that this Court may review this issue (along with each of the other interlocutory orders from which it properly noticed appeal) pursuant to our authority under Rule 2 of the North Carolina Rules of Appellate Procedure. *See* N.C.R. App. P. 2 ("To prevent manifest injustice to a party, . . . either court of the appellate division may . . . suspend or vary the requirements or provisions of any of these rules in a case pending before it . . . ."). "The invocation of Rule 2 is discretionary and should only be done so cautiously and in 'exceptional circumstances.' " *County of Mecklenburg v. Ryan*, 281 N.C. App. 646, 659, 871 S.E.2d 110, 119 (2022) (quoting *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008)), *cert. denied*, 385 N.C. 317, 891 S.E.2d 287 (2023). After careful

review of the record, we conclude that SLOK has shown neither manifest injustice nor exceptional circumstances sufficient to justify our invocation of Rule 2, and we decline to do so in the exercise of our discretion. *See id.*[1]

## B. Abandoned Issues

We next address the scope of our review. SLOK filed notice of appeal from the trial court's order granting the Owners Association's motion to dismiss and motion for summary judgment. In its notice of appeal, SLOK also listed four interlocutory orders previously entered in this matter, as well as the "*de facto* denial [of] (or failure to address)" its 28 April 2023 "motion for extension of time to comply with court order to add and serve additional defendants." (Capitalization omitted). These include: (1) the 26 October 2022 order granting the Owners Association's motion to dismiss; (2) the 22 November 2022 amended order granting the Owners Association's motion to dismiss; (3) the 28 December 2022 revised scheduling consent order; and (4) the 27 February 2023 order allowing JMD to withdraw as counsel of record for SLOK. However, SLOK has failed to raise arguments on appeal concerning these four

---

[1] Even assuming, *arguendo*, that the trial court's denial of or "de facto denial [of] (or failure to address)" the motions to continue were properly before us, SLOK's argument would lack merit because SLOK fails to argue any prejudice. *See Bowers v. Olf*, 122 N.C. App. 421, 427, 470 S.E.2d 346, 350 (1996) (concluding that there was no error where the appellant "failed to show any prejudice based on the denial of his motions to continue, or any abuse of discretion by the trial court").

We also note that SLOK claims that the trial court's "procedural rulings, considered individually and/or collectively affected [SLOK]'s substantial right to a fair trial . . . , the cumulative effect of which, in the context of the extraordinary circumstances of this case manifest a miscarriage of justice." To the extent that SLOK suggests that this amounts to cumulative error, our Supreme Court has explained that our appellate courts "have not previously recognized the theory of cumulative error . . . in civil cases generally." *In re J.D.O.*, 381 N.C. 799, 822, 874 S.E.2d 507, 523–24 (2022).

interlocutory orders and the court's "*de facto* denial [of] (or failure to address)" its 28 April motion.

"Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C.R. App. P. 28(b)(6). Consequently, SLOK has abandoned any argument regarding the above orders as well as the "de facto denial [of] (or failure to address)" its "motion for extension of time to comply with court order to add and serve additional defendants" from which it noticed appeal.

We now turn to SLOK's arguments regarding the trial court's alleged error in granting the Owners Association's motion to dismiss and motion for summary judgment.

## C. Motion to Dismiss

SLOK contends that the trial court erred as a matter of law by granting the Owners Association's motion to dismiss. SLOK first claims that, in fact, "no motion to dismiss was before the court" because the Owners Association did not file a responsive pleading or motion to dismiss after SLOK filed its amended complaint, and the Owners Association did not notice or schedule a hearing on any motion to dismiss. SLOK further asserts that the court "simply accept[ed] the [Owners Association]'s misrepresentations as a fact" when it found that SLOK failed to add all necessary parties in its amended complaint, and according to SLOK, "no failure to join record owners of the 106 Residential Unit Owners is shown of record." SLOK also

insists that dismissal with prejudice is not a proper sanction for a failure to join necessary parties. However, SLOK did not raise any of these arguments before the trial court.

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1). It is axiomatic that "[a] contention not made in the court below may not be raised for the first time on appeal. The appellant is not entitled to swap horses between courts in order to get a better mount in the appellate courts." *Grier ex rel. Brown v. Guy*, 224 N.C. App. 256, 261, 741 S.E.2d 338, 342 (2012) (cleaned up), *disc. review denied*, 366 N.C. 563, 738 S.E.2d 381 (2013).

At the 26 April 2023 hearing, SLOK did not argue that the motion to dismiss was not properly before the court; that it had complied with the trial court's condition to add all necessary parties to its amended complaint; or that dismissal with prejudice would be an improper sanction for the failure to join necessary parties. Instead, with respect to the motion to dismiss, SLOK's counsel merely contended that because SLOK would be entitled to move for further extensions of time after the new defendants were named, "to dismiss, based on that, something that has not happened in the future, we don't feel like that's right."

Our review of the record and transcript reveals that SLOK now attempts to

SLOK, LLC v. Courtside Condo. Owners Ass'n, Inc.

*Opinion of the Court*

raise arguments on appeal that it did not present to the trial court below, thereby depriving the court of the opportunity to consider and rule on their merits in the first instance. We therefore dismiss SLOK's arguments concerning the trial court's grant of the Owners Association's motion to dismiss the First Claim. *See id.*

**D. Summary Judgment**

Lastly, SLOK alleges that "genuine issues of material fact preclude the granting of summary judgment under Rule 56." However, SLOK's entire appellate argument on this issue consists of (1) an excerpt from its response to the Owners Association's motion for summary judgment below—which is notably devoid of citation to any legal authority; and (2) as to its declaratory-judgment claim, a list of purportedly unresolved facts and issues that SLOK contends "cannot serve as collateral estoppel or res judicata . . . ." SLOK has thus abandoned appellate review of this issue by failing to present any argument supported by citation to legal authority.

As stated above, "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C.R. App. P. 28(b)(6). "Accordingly, if an argument contains no citation of authority in support of an issue, the issue will be deemed abandoned." *Thompson v. Bass*, 261 N.C. App. 285, 292, 819 S.E.2d 621, 627 (2018), *disc. review denied*, 372 N.C. 58, 822 S.E.2d 617 (2019); *see also Groseclose v. Groseclose*, 291 N.C. App. 409, 430, 896 S.E.2d 155, 169 (2023) ("This Court has routinely held an argument to be abandoned where an appellant

SLOK, LLC v. Courtside Condo. Owners Ass'n, Inc.

*Opinion of the Court*

presents argument without [citation to] authority and in contravention of [Rule 28(b)(6)]." (citation omitted)). Consequently, this issue is also "taken as abandoned." N.C.R. App. P. 28(b)(6).

### III. Conclusion

For the foregoing reasons, we conclude that SLOK has failed to present a properly preserved legal challenge for this Court's review. Accordingly, we affirm the trial court's orders.

AFFIRMED.

Judges HAMPSON and MURRY concur.

Report per Rule 30(e).