IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-785-2

 Filed: 6 August 2019

Office of Administrative Hearings, No. 17 DHR 04088

RALEIGH RADIOLOGY LLC d/b/a RALEIGH RADIOLOGY CARY, Petitioner,

 v.

N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF
HEALTH SERVICE REGULATION, HEALTH CARE PLANNING & CERTIFICATE
OF NEED, Respondent,

 and

DUKE UNIVERSITY HEALTH SYSTEM, Respondent-Intervenor.

 Appeal by Respondents and cross-appeal by Petitioner from an amended final

decision entered 16 March 2018 by Judge J. Randolph Ward in the Office of

Administrative Hearings. Heard originally in the Court of Appeals 13 March 2019.

This matter was reconsidered in the Court pursuant to an order allowing Petitioner’s

Petition for Rehearing. This opinion supersedes the opinion Raleigh Radiology v. NC

DHHS, No. 18-785, ___ N.C. App. ___, 827 S.E.2d 337 (2019), previously filed on 7

May 2019.

 Brooks, Pierce, McLendon Humphrey & Leonard, L.L.P., by James C. Adams,
 II, for Petitioner Raleigh Radiology LLC.

 Attorney General Joshua H. Stein, by Assistant Attorney General Bethany A.
 Burgon, for Respondent N.C. Department of Health and Human Services,
 Division of Health Service Regulation, Health Care Planning & Certificate of
 Need.
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

 Poyner Spruill LLP, by Kenneth L. Burgess, William R. Shenton, and Matthew
 A. Fisher, for Respondent-Intervenor Duke University Health System.

 DILLON, Judge.

 Petitioner Raleigh Radiology LLC (“Raleigh”) and Respondents N.C.

Department of Health and Human Services, Division of Health Care Regulation,

Healthcare Planning and Certificate of Need (the “Agency”), and Duke University

Health System (“Duke”) all appeal a final decision of the Office of Administrative

Hearings (“OAH”) regarding the award of a Certificate of Need (“CON”) for an MRI

machine in Wake County.

 I. Background

 In early 2016, the Agency determined a need for a fixed MRI machine in Wake

County and began fielding competitive requests. In April 2016, Duke and Raleigh

each filed an application for a CON with the Agency.

 Section 131E-183 of our General Statutes sets forth the procedure the Agency

should use when reviewing applications for a CON. N.C. Gen. Stat. § 131E-183

(2016). The Agency uses a two stage process: First, the Agency reviews each

application independently to make sure that it complies with certain statutory

criteria. See Britthaven, Inc. v. N.C. Dep't of Human Res., 118 N.C. App. 379, 385,

455 S.E.2d 455, 460 (1995) (citing N.C. Gen. Stat. § 131E-183(a)). Typically, if only

one application is found to have complied with the statutory criteria, that applicant

 -2-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

is awarded the CON. But if more than one application complies, the Agency moves

to a second step, whereby the Agency conducts a comparative analysis of the

compliant applications. Britthaven, 118 N.C. App. at 385, 455 S.E.2d at 461.

 In the present case, the Agency approved Duke for the CON, denying Raleigh’s

application, on two alternate grounds. First, the Agency determined that Duke’s

application alone was compliant. Alternatively, the Agency conducted a comparative

analysis, assuming both applications were compliant, and determined that Duke’s

application was superior.

 In October 2016, Raleigh filed a Petition for Contested Case Hearing. After a

hearing on the matter, the administrative law judge (the “ALJ”) issued a Final

Decision, determining that both applications were compliant but that, based on its

own comparative analysis, Raleigh’s application was superior. Accordingly, the ALJ

reversed the decision of the Agency and awarded the CON to Raleigh.

 Duke and the Agency timely appealed. Raleigh also timely cross-appealed.

 II. Standard of Review

 We review a final decision from an ALJ for whether “substantial rights of the

petitioners may have been prejudiced[.]” N.C. Gen. Stat. § 150B-51(b) (2018). We

use a de novo standard if the petitioner appeals the final decision on grounds that it

violates the constitution, exceeds statutory authority, was made upon unlawful

procedure, or was affected by another error of law. N.C. Gen. Stat. § 150B-51(b)(1)-

 -3-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

(4), (c) (2018). And we use the whole record test if the petitioner alleges that the final

decision is unsupported by the evidence or is “[a]rbitrary, capricious, or an abuse of

discretion.” N.C. Gen. Stat. § 150B-51(b)(5)(6), (c) (2018).

 III. Analysis

 On appeal, Duke and the Agency argue that the ALJ erred in reversing the

Agency’s decision. Though successful in its appeal before the ALJ, Raleigh cross-

appeals certain aspects of the ALJ’s decision and with the process in general. We

address the issues raised in the appeal and cross-appeal below.

 A. ALJ’s Finding that Duke’s Application Conformed

 We first address Raleigh’s cross-appeal challenge to the ALJ’s finding that

Duke’s application complied with the Agency criteria. That is, though the ALJ

awarded Raleigh the CON based on a determination that Raleigh’s compliant

application was superior to Duke’s compliant application, Raleigh contends that the

ALJ should have determined that Duke’s application was not compliant to begin with.

Specifically, Raleigh contends that Duke did not conform with Criteria 3, 5, 12, and

13(c) found in Section 131E-183(a). For the following reasons, we disagree.

 We review this argument under the whole record test, N.C. Gen. Stat. § 150B-

51(b)(5)(6), (c), and properly “take[] into account the administrative agency’s

expertise” in evaluating applications for a CON. Britthaven, 118 N.C. App. at 386,

455 S.E.2d at 461.

 -4-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

 A review of the whole record reveals that the evidence presented by Duke in

its CON application, the Agency hearings, and the Office of Administrative Hearings

amounts to substantial evidence of Duke’s compliance with the review criteria.

 In conformity with Criteria 3, Duke “identif[ied] the population to be served by

the proposed project, and . . . demonstrate[d] the need that this population has for the

services proposed, and the extent to which all residents of the area . . . are likely to

have access to the services proposed.” N.C. Gen. Stat. § 131E-183(a)(3). More

specifically, in its application, Duke illustrated the current levels of accessibility to

MRI scanners in Wake County and identified the location of its proposed MRI, the

Holly Springs/Southwest Wake County area, as one in need of increased access to

scanners, particularly due to its rapidly growing population. Duke also laid out the

current travel burdens faced by Wake County residents in the Duke Health System

who require access to an MRI scanner and how the addition of a new MRI scanner in

its proposed location could have a favorable impact on those geographic burdens.

Duke coupled those factors with the historically consistent utilization rate for MRIs

in Wake County to demonstrate the need in the area for the MRI scanner.

 In conformity with Criteria 5, Duke provided financial and operational

projections that demonstrated “the availability of funds for capital and operating

needs as well as the immediate and long-term financial feasibility of the proposal[.]”

N.C. Gen. Stat. § 131E-183(a)(5). For example, Duke set forth the anticipated source

 -5-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

of financing for the project, with all the funding projected to be drawn from its

accumulated reserves. Duke also provided five-year projections for its financial

position and income statements, as well as three-year projections for the revenues to

be produced by the new MRI scanner. The Chief Financial Officer of Duke also

certified the existence and availability of funding for the project and referenced

Duke’s most recent audited financial statement to demonstrate the availability of

such funds.

 Duke also conformed with Criteria 12 by delineating that the construction

“cost, design, and means” were reasonable by comparing its proposed project with

potential alternatives. N.C. Gen. Stat. § 131E-183(a)(12). Essentially, Duke

compared its proposal to potential alternatives, including maintaining the status quo,

developing the proposed MRI scanner in a different location, developing a mobile MRI

service in Holly Springs, and pursuing the current project.

 Lastly, Duke conformed with Criteria 13(c) by “demonstrat[ing] the

contribution of the proposed service in meeting the health-related needs of the elderly

and of members of medically underserved groups . . . [and] show[ing] [t]hat the

elderly and the medically underserved groups identified in this subdivision will be

served by [its] proposed services and the extent to which each of these groups is

expected to utilize the proposed services[.]” N.C. Gen. Stat. § 131E-183(a)(13)(c).

Duke demonstrated that it expects almost one-third (1/3) of its patients to be

 -6-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

Medicare or Medicaid recipients and that it has the support of community programs,

which help in providing healthcare access to low-income, uninsured residents of Wake

County. In addition, Duke provided statistics regarding its interactions with female

and elderly patients, along with its policy of non-discrimination against handicapped

persons. Using this data, Duke asserted that these kinds of patients will receive the

same access to the new MRI scanner at the Holly Springs location.

 In accordance with our previous holdings in CON cases, this Court “cannot

substitute our own judgment for that of the Agency if substantial evidence exists.”

Total Renal Care of N.C., LLC v. N.C. Dep't of Health & Human Servs., 171 N.C. App.

734, 739, 615 S.E.2d 81, 84 (2005). Indeed, Duke met this threshold by putting forth

the aforementioned evidence; and the Agency is entitled to deference, as Duke put

forth substantial evidence of its conformity with these criteria. Thus, we affirm the

ALJ’s finding of fact number 24 that Duke’s application was compliant.

 B. Comparative Analysis Review

 Duke and the Agency argue that the ALJ erred in conducting its own

comparative analysis review of the two CON applications. That is, they argue that

the ALJ should have given deference to the Agency’ determination that Duke’s

application was superior. We review this question of law de novo. Cumberland Cty.

Hosp. Sys. v. N.C. Dep’t of Health & Human Servs., 242 N.C. App. 524, 527, 776

S.E.2d 329, 332 (2015).

 -7-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

 Our Court has held that where the Agency compares two or more applications

which otherwise comply with the statutory criteria, “[t]here is no statute or rule

which requires the Agency to utilize certain comparative factors.” Craven Reg’l Med.

Auth. v. N.C. Dep’t of Health & Human Servs., 176 N.C. App. 46, 58, 625 S.E.2d 837,

845 (2006) (emphasis added). But, rather, the Agency has discretion to determine

factors by which it will compare competing applications. Id.

 However, the ALJ on appeal of an Agency decision does not have this same

discretion to conduct a comparative analysis. That is, where an unsuccessful

applicant appeals an Agency decision in a CON case, the ALJ does not engage in a de

novo review of the Agency decision, but simply reviews for correctness of the Agency

decision, pursuant to N.C. Gen. Stat. § 150B-23(a). E. Carolina Internal Med., P.A.

v. N.C. Dep’t of Health & Human Servs., 211 N.C. App. 397, 405, 710 S.E.2d 245, 252

(2011). Indeed, “there is a presumption that ‘an administrative agency has properly

performed its official duties.’ ” Id. at 411, 710 S.E.2d at 255 (quoting In re Cmty.

Ass’n, 300 N.C. 267, 280, 266 S.E.2d 645, 654 (1980)).

 In the present case, the Agency reviewed Duke’s application and Raleigh’s

application for the CON independently. Britthaven, 118 N.C. App. at 385, 455 S.E.2d

at 460 (citing N.C. Gen. Stat. § 131E-183(a)). This review revealed that Duke’s

application conformed with all criteria and that Raleigh failed to conform with respect

to certain criteria. At that point, assuming that Raleigh’s application indeed failed

 -8-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

to conform to certain criteria, it would have been appropriate for the Agency to

proceed with issuing the CON to Duke. Nevertheless, the Agency, as stated in its

seventy-four (74) pages of findings, additionally “conducted a comparative analysis of

[Duke’s and Raleigh’s applications] to decide which [one] should be approved,”

assuming that Raleigh’s application did satisfy all of the criteria. See id. at 385, 455

S.E.2d at 461.

 The Agency, in its discretion, used seven comparative factors in reviewing the

CON applications: (1) geographic distribution, (2) demonstration of need, (3) access

by underserved groups, (4) ownership of fixed MRI scanners in Wake County, (5)

projected average gross revenue per procedure, (6) projected average net revenue per

procedure, and (7) projected average operating expense per procedure. This

comparative analysis led the Agency to approve and award the CON to Duke.

 However, on appeal to the OAH, the ALJ deviated from the above factors by

considering two additional factors: (1) the types of scanners proposed by each

applicant, and (2) the timeline of each proposed project. Admittedly, there was

evidence that Raleigh’s proposed MRI machine was superior to the machine which

Duke would use. It is this deviation and the reliance on additional comparative

factors by the ALJ which we must conclude was error.

 Indeed, adding two additional comparative factors is not affording deference to

the Agency, but rather constitutes an impermissible de novo review of this part of the

 -9-
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

Agency’s decision. Such a substitute of judgment by the ALJ is not allowed.

E. Carolina Internal Med., 211 N.C. App. at 405, 710 S.E.2d at 252.

 Evidence was provided that the factors utilized by the Agency have been used

in two previous MRI CON decisions and that the additional factors used by the ALJ

have not been a part of the Agency’s policies and procedures for many years. We note

that information pertaining to Raleigh’s allegedly superior MRI machine was not

included in Raleigh’s application, though it was otherwise presented at the Agency

public hearing, but without an expert testifying as to the machine’s medical efficacy.

Even so, the Agency has the discretion to pick which factors it evaluates in conducting

its own comparative analysis. Craven Reg’l Med. Auth., 176 N.C. App. at 58, 625

S.E.2d at 845. Further, regarding the timeline factor used by the ALJ, there was

testimony that the Agency puts little, if any, weight to this factor as the factor

disadvantages new providers. The ALJ did not determine that the Agency acted

arbitrarily and capriciously, but rather simply substituted his own judgment in

weighing the factors. We cannot say, though, that the Agency abused its discretion

to rely on the factors that it did. Therefore, we conclude that the ALJ exceeded its

authority conducting a de novo comparative analysis of the competing applications.

 Separately, Raleigh argues that the Agency erred by concluding that its

application was not conforming. But even assuming that the Agency incorrectly made

a determination that Raleigh’s application did not conform to certain statutory

 - 10 -
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

criteria, such error was harmless: the Agency proceeded with a comparative analysis

of both applications as if Raleigh’s application did comply and, in its discretion,

determined that Duke’s application was superior.

 Therefore, we reverse the Final Decision and reinstate the decision of the

Agency.1

 C. Motion in Limine – Spoliation of Evidence

 In its cross-appeal, Raleigh argues that the ALJ erred in denying its motion in

limine to apply adverse inference based on Duke’s alleged spoliation of certain

evidence. We disagree.

 “[W]hen the evidence indicates that a party is aware of circumstances that are

likely to give rise to future litigation and yet destroys potentially relevant records

without particularized inquiry, a factfinder may reasonably infer that the party

probably did so because the records would harm its case.” McLain v. Taco Bell Corp.,

137 N.C. App. 179, 187-88, 527 S.E.2d 712, 718, disc. rev. denied, 352 N.C. 357, 544

S.E.2d 563 (2000). This inference is a permissible adverse inference. Id. “To qualify

for [an] adverse inference, the party requesting it must ordinarily show that the

spoliator was on notice of the claim or potential claim at the time of the destruction.”

 1 We note that additional arguments were made on appeal. For instance, Duke and the Agency
contend that Raleigh did not establish substantial prejudice and that the Final Decision was
incomplete and untimely by thirty-seven (37) minutes. However, in light of the ALJ’s comparative
analysis error and our subsequent reversal of the Final Decision, we need not address these
arguments.

 - 11 -
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

McLain, 137 N.C. App. at 187, 527 S.E.2d at 718 (internal citations omitted).

However, “[i]f there is a fair, frank and satisfactory explanation” for the absence of

the documents, an adverse inference will not be applied. Yarborough v. Hughes, 139

N.C. 199, 211, 51 S.E. 904, 908 (1905).

 In the present case, Duke contracted with a third-party consultant,

(“Keystone”), to perform and draft its CON application. Keystone’s practice is to

discard all useless documentation and application references so as to keep only

relevant, accurate applications and data. This practice is consistent with most

consultants in this field, it is not disputed, and amounts to “a fair, frank and

satisfactory explanation[.]” Id.

 Moreover, as Duke and the Agency correctly point out, these documents would

not be the subject of review or an appeal. Rather, the ALJ’s review of the Agency’s

decision is limited to its seventy-four pages of findings and conclusions. We conclude

that the ALJ did not err in not applying an adverse inference based on the absence of

certain documents.

 IV. Conclusion

 The ALJ erred in not deferring to the comparative analysis performed by the

Agency and conducting its own comparative analysis. However, the ALJ did not err

in finding and concluding that Duke conformed with the applicable review criteria

nor in not applying an adverse inference against Duke regarding certain information.

 - 12 -
 RALEIGH RADIOLOGY V. NCDHHS

 Opinion of the Court

Thus, we reverse the Final Decision and reinstate and affirm the decision of the

Agency awarding the CON to Duke.2

 REVERSED.

 Judges BRYANT and ARROWOOD concur.

 2 We acknowledge Raleigh’s motion for leave to file a supplemental brief regarding the ALJ’s
authority to remand a contested case to the Agency. We deny this motion as our resolution has
rendered such an issue moot.

 - 13 -