An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1074

Filed 5 November 2025

McDowell County, Nos. 16CR000739-580, 16CR051362-580

STATE OF NORTH CAROLINA

v.

LAWRENCE ANTHONY WALKER

Appeal by defendant from judgments entered 5 August 2019 by Judge Joseph N. Crosswhite in McDowell County Superior Court. Heard in the Court of Appeals 15 October 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Jadae Kiyairah Bridges, for the State.*
>
> *Cooley Law Office, by Craig M. Cooley, for the defendant-appellant.*

TYSON, Judge.

Lawrence A. Walker ("Defendant") appeals from judgments entered after a jury found him guilty of one count of statutory sexual offense with a person thirteen, fourteen, or fifteen years old, two counts of taking indecent liberties with a child, and one count of first-degree statutory sexual offense with a child. Our review discerns no prejudicial errors.

## I.    Background

In June 2010, Defendant and his parents ("the Walkers") moved into the residence of his aunt and her family in Old Fort, North Carolina.  At the time, the household included Defendant's aunt, her husband, and their two children, ten-year-old "Denise" and her eighteen-year-old brother.  *See* N.C. R. App. P. 42(b) (pseudonyms used to protect the identity of minors).  The home's small size afforded limited privacy, and Defendant typically slept on the living room couch.

The Walkers resided with Defendant's aunt for approximately six months before moving nearby into their own home in January 2011.  Denise and Defendant's aunt occasionally visited the Walkers' residence, but they did not stay overnight.  In September 2016, at the age of sixteen, Denise wrote a handwritten letter to her mother alleging Defendant had sexually abused her over a period of several years, beginning in 2010.  This letter prompted an investigation into the allegations and led to Defendant's eventual arrest.

At trial, the State called Denise to testify, and she recounted repeated incidents of sexual abuse allegedly committed by Defendant at his aunt's residence, at the Walkers' residence, and later at another residence shared by Defendant and Denise's brother.  Denise's testimony included allegations of forced oral sex, anal intercourse, and other sexual acts with a minor.  She was unable to recall specific dates and acknowledged inconsistencies between her trial testimony and her prior statements.

The State also presented expert testimony from a licensed clinical therapist, Danica Ciaramita, who had diagnosed Denise with post-traumatic stress disorder (PTSD). Ciaramita testified she had based her diagnosis on Denise's symptoms and trauma history. She explained Denise's "trauma narrative," a therapeutic document describing traumatic events, had been destroyed, as was consistent with the clinic's treatment protocols.

The jury returned verdicts finding Defendant guilty on all counts. The trial court sentenced Defendant as prior record level I offender to a term of 240 to 297 months of active imprisonment for his first-degree sexual offense with a child and indecent liberties with a child convictions. He was also sentenced to a consecutive term of 60 to 132 months of active imprisonment for his statutory sexual offense with a person thirteen, fourteen, or fifteen years old and a second indecent liberties with a child convictions.

A prior panel of this Court granted Defendant's Petition for Writ of *Certiorari* on 10 April 2024.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 15A-1444 (2023).

## III. Issues

Defendant contends the trial court plainly erred by: (1) *sua sponte* failing to instruct the jury to limit its consideration of expert testimony offered by Danica Ciaramita; and, (2) permitting Ciaramita to testify regarding the alleged victim's

PTSD, despite the absence of a trauma narrative, which had been destroyed for purported therapeutic purposes.

Defendant also argues he received ineffective assistance of counsel ("IAC") when his trial counsel had failed to request: (1) a limiting instruction regarding Ciaramita's testimony; and, (2) a spoliation instruction concerning the missing trauma narrative. Defendant asserts his due process rights and right to present a complete defense were violated because Ciaramita had testified about Denise's purported PTSD after destroying the trauma narrative.

Defendant lastly asserts he was denied a fair trial due to the cumulative effect of these alleged errors.

## IV. Jury Instruction

Defendant contends the trial court plainly erred by failing to instruct the jury to limit its consideration of Ciarmita's expert testimony to a specific purpose.

### A. Standard of Review

A timely objection at trial is generally required to preserve issues for appeal. N.C. R. App. P. 10(a)(1); *State v. Lawrence*, 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012). "Unpreserved error in criminal cases, on the other hand, is reviewed only for plain error." N.C. R. App. P. 10(a)(4); *Lawrence*, 365 N.C. at 512, 723 S.E.2d at 330.

Under this standard, "a criminal defendant is entitled to a new trial if the defendant demonstrates that the jury probably would have returned a different verdict had the error not occurred." *Lawrence*, 365 N.C. at 507, 723 S.E.2d at 327.

The plain error standard is "always to be applied cautiously and only in the exceptional case" where the error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citations and internal quotation marks omitted). Even if an error implicates a fundamental right, review under plain error is not established unless the unpreserved error fundamentally alters the fairness of the trial to prejudice Defendant. *Lawrence*, 365 N.C. at 516-17, 723 S.E.2d at 333.

## B. Analysis

North Carolina's precedents draw a clear and enduring line between: (a) expert testimony that helps the jury understand behaviors and symptoms commonly seen in victims of sexual abuse; and, (b) expert testimony impermissibly bolstering a complainant's credibility, or which purports to supply substantive proof of the occurrence of abuse. *See State v. Kennedy*, 320 N.C. 20, 32, 357 S.E.2d 359, 366 (1987); *State v. Hall*, 330 N.C. 808, 817, 412 S.E.2d 883, 887 (1992). Experts may properly testify a complainant's conduct is "consistent with" patterns observed in abuse victims, but an expert may not testify any abuse occurred or vouch for the alleged victim's credibility. *Hall*, 330 N.C. at 817, 412 S.E.2d at 887.

A trial court's failure to provide a limiting instruction does not constitute error absent a defendant's objection or request. "The admission of evidence which is competent for a restricted purpose without limiting instructions will not be held to be

error in the absence of a request by the defendant for such limiting instructions." *State v. Allen*, 141 N.C. App. 610, 616, 541 S.E.2d 490, 495 (2000).

The record demonstrates Ciaramita's testimony fit within the permissible, contextual role as recognized by the Supreme Court in both *Kennedy* and *Hall*. *Kennedy*, 320 N.C. at 32, 357 S.E.2d at 366; *Hall*, 330 N.C. at 817, 412 S.E.2d at 887. During her direct testimony, Ciaramita described clinical observations, listed diagnostic criteria for PTSD, and explained how trauma can affect an alleged victim's memory, the reporting of alleged sexual abuse, and the purported victim's behaviors.

She did not testify sexual abuse had, in fact, occurred, did not attribute causation of Denise's PTSD specifically to Defendant, and did not offer an opinion or otherwise vouch or assert Denise's allegations were true. Ciaramita's testimony explained symptoms and responses commonly associated with traumatic experiences. That explanatory function, helping jurors to understand why a purported victim might delay reporting, display inconsistencies, or may have fragmented recall, falls squarely within the permissible purpose of such expert testimony. *See Kennedy*, 320 N.C. at 32, 357 S.E.2d at 366.

The law imposes no duty on the trial court to *sua sponte* issue a limiting instruction where the defendant fails to object or to request one. "The admission of evidence which is competent for a restricted purpose without limiting instructions will not be held to be error in the absence of a request by the defendant for such limiting instructions." *Allen*, 141 N.C. App. at 616, 541 S.E.2d at 495. Defendant did

not seek a limiting instruction at trial, the reasoning in *Allen* controls and precludes reversal on this ground, unless plain error is otherwise shown. *Id.*

Considering the entire record, Defendant has not shown the absence of a limiting instruction probably would have produced different verdicts. The jury heard direct testimony from Denise recounting multiple incidents of sexual assaults and abuse while she was a minor, all of which were subject to cross-examination. The record contains corroborating circumstances and facts apart from the expert's diagnostic testimony. The expert testimony served a contextual role and did not supply any substantive proof of guilt or assert Denise's credibility.

Under the cautious, exceptional standard governing plain error review, Defendant has failed to show the omission of a limiting instruction "seriously affect[ed]" the fairness or integrity of the trial to constitute plain error. *State v. Towe*, 366 N.C. 56, 62, 732 S.E.2d 564, 568 (2012); *Lawrence*, 365 N.C. at 519, 723 S.E.2d at 335. Defendant's argument is without merit and overruled.

## V.    Ineffective Assistance of Counsel

Defendant argues his counsel rendered ineffective assistance by failing to request a limiting instruction concerning the PTSD testimony and by failing to request a spoliation instruction regarding the destroyed trauma narrative.

## A. Standard of Review

The Supreme Court of the United States established the standard for ineffective assistance in *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d

674, 693 (1984).

> [A] defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693.

The measure of effective assistance is "reasonableness under prevailing professional norms," and "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693. In evaluating effectiveness, "counsel's assistance [must be] reasonable considering all the circumstances." *Id.* at 688, 80 L. Ed. 2d. at 694.

## B. Analysis

### 1. *Limiting Instruction Regarding Ciaramita's Expert Testimony*

Trial counsel's strategic decisions about whether to make particular objections or to request jury instructions are quintessential trial-level strategic choices and are afforded substantial deference on appeal. *Strickland*, 466 U.S. at 689-91, 80 L. Ed. 2d at 694-95. Appellate courts have repeatedly recognized trial counsel may reasonably decline to object or to request a limiting instruction when such action would call attention to damaging evidence and/or accentuate its significance in the jury's mind. *See State v. Fletcher*, 354 N.C. 455, 555 S.E.2d 534 (2001).

The record supports a determination counsel had made deliberate, tactical decisions here. Rather than requesting a limiting instruction, which risked signaling to the jury the PTSD testimony merited special weight, defense counsel pursued a credibility-focused strategy during wide-ranging cross-examination of Ciaramita. Trial counsel highlighted the destruction of the written trauma narrative, probed the expert's documentation and memory, and emphasized areas where the expert's account and opinion were speculative, incomplete, or non-specific. Those lines of attack directly challenged credibility and targeted the force of Ciaramita's testimony without enhancing it by judicial *imprimatur*.

This courtroom tactic, attacking credibility rather than seeking a limiting instruction, which might amplify the testimony, falls within the range of reasonable professional judgment and trial strategy. Under *Strickland* and consistent North Carolina's precedents, such a choice of trial strategy is permissible and is not IAC when made after reasonable strategic consideration. *Strickland*, 466 U.S. at 690-91, 80 L. Ed. 2d at 695-96; *Fletcher*, 354 N.C. at 479, 555 S.E.2d at 550.

Even if counsel's omissions were deemed deficient, Defendant fails to establish prejudice. Presuming the failure to request a limiting instruction was deficient assistance, Defendant has not satisfied the prejudice prong of *Strickland*. To demonstrate prejudice, a defendant must establish "a reasonable probability that, but for counsel's errors, there would have been a different result in the proceeding." *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d, 241 248.

Defendant cannot make such a showing. The record reflects Ciaramita's testimony was limited in scope and function. It provided context for Denise's symptoms and behavior, not substantive proof of sexual abuse or proof of the identity of the perpetrator. The evidence against Defendant consisted of Denise's own testimony describing multiple incidents, challenged by cross-examination. Given the centrality and the jury's determination of credibility of that evidence, along with the ancillary nature of the PTSD testimony, Defendant has failed to show a reasonable probability a limiting instruction would have altered the jury's verdicts.

By contrast, in *State v. Lawrence*, our Supreme Court recognized prejudice where an expert's testimony filled a critical evidentiary gap. *Lawrence,* 352 N.C. 1, 17-18, 530 S.E.2d 807, 818. The present record, transcript, and testimony do not resemble *Lawrence,* because Ciaramita's testimony did not operate as the linchpin of the State's case or supply missing elements. *Id.* Instead Ciaramita's testimony explained Denise's behavior and how it had aligned with her purported PTSD diagnosis. He has failed to establish prejudice under *Strickland. Strickland,* 466 U.S. at 689-91, 80 L. Ed. 2d at 694-95.

Presuming error, Defendant has not shown a reasonable probability of a different outcome. Under both prongs of *Strickland*, Defendant's ineffective assistance claim based on counsel's failure to request a limiting instruction is without merit and overruled. *Id.*

### 2. *Failure to Request a Spoilation Instruction*

Defendant asserts his due process rights and right to present a complete defense were violated because Ciaramita had testified about Denise's purported PTSD after destroying the written trauma narrative. A spoliation instruction is warranted only where evidence is destroyed "deliberately or in bad faith for the purpose of depriving the opposing party of its use." *McLain v. Taco Bell Corp.*, 137 N.C. App. 179, 187-88, 527 S.E.2d 712, 718 (2000). Under *Strickland*, counsel is not ineffective for failing to request an instruction lacking factual or legal support. *See Strickland*, 466 U.S. 668, 80 L. Ed. 2d 674.

No evidence indicates the trauma narrative was destroyed deliberately or in bad faith. The uncontroverted testimony established Ciaramita disposed of it pursuant to clinical policy and Ciaramita's ethical obligations to protect patient confidentiality and psychological integrity.

Counsel cannot be deemed ineffective for declining to pursue meritless arguments. *State v. Fletcher*, 354 N.C. 455, 479, 555 S.E.2d 534, 550 (2001). No factual basis existed for a spoliation instruction, and counsel's decision not to request one was objectively reasonable. *Id.*

Defendant also fails to show any prejudice under that prong. Even without a spoliation instruction, the jury heard ample evidence concerning the destruction of the trauma narrative through defense counsel's pointed cross-examination of Ciaramita. Counsel successfully leveraged this fact to cast doubt on the lack of

corroboration and on Ciaramita's credibility and opinion, achieving the same practical effect a spoliation instruction would have conveyed.

Unlike in *State v. Allen*, where omission of a key instruction deprived the jury of necessary guidance, the jury possessed all material facts and was free to draw reasonable inferences from them. *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006). Nothing tends to show the verdict would have been different had a spoliation instruction been given, given the extensive cross-examination of Ciaramita. Defendant has failed to demonstrate prejudice under *Strickland*. *Strickland*, 466 U.S. at 689-91, 80 L. Ed. 2d at 694-95.

## VI.   Due Process

Defendant contends his due process rights and right to present a complete defense were violated because Ciaramita testified about Denise's purported PTSD diagnosis after destroying the written trauma narrative.

Defendant's argument was not preserved for appellate review. Defense counsel objected only to Ciaramita's qualifications under Rule 702 and did not raise any constitutional or due process arguments at trial. Pursuant to N.C. R. App. P. 10(b)(1), a party must object on the specific grounds relied upon on appeal. *State v. Haselden*, 357 N.C. 1, 10, 577 S.E.2d 594, 600 (2003). Even constitutional claims are waived when not raised below. *State v. Cummings*, 352 N.C. 600, 637, 536 S.E.2d 36, 61 (2000). Lastly, plain error review does not apply because this issue concerns

neither evidentiary rulings nor jury instructions. *State v. Wiley*, 182 N.C. App. 437, 441-42, 642 S.E.2d 717, 720 (2007).

Presuming, *arguendo*, the issue was preserved, it would fail on the merits. Destruction of evidence constitutes a due process violation only where the evidence was both materially exculpatory and destroyed in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 102 L.Ed.2d 281 (1988). Here, neither requirement is met.

The record demonstrates the trauma narrative was created solely for therapeutic, not forensic or trial preparation purposes, and was destroyed in accordance with standard clinical protocols. No evidence of bad faith or of any state actor's involvement in the destruction is shown.

This case is analogous to *State v. Hunt*, wherein the Court held routine destruction of evidence in good faith did not violate due process. *State v. Hunt*, 345 N.C. 720, 724-25, 483 S.E.2d 417, 420 (1997). The destruction here, undertaken by a non-state actor in the course of treatment and under pre-established protocols, falls even further from constitutional violation. *Id.*

Defendant's attempt to equate this therapeutic decision with governmental suppression fails. Unlike *State v. Williams*, wherein the State suppressed forensic evidence, Ciaramita was a private treatment provider, not an agent of the State or retained for the prosecution. *See State v. Williams*, 362 N.C. 628, 669 S.E.2d 290 (2008). The State neither directed nor participated in the preparation or destruction of the trauma narrative. The trauma narrative was not "materially exculpatory" for

Defendant, since it was generated post-diagnosis and would not contradict any element of the State's case. Its absence allowed Defendant's trial counsel to question and raise doubts before the jury about its destruction and absence of corroboration of the diagnosis.

## VII.   Cumulative Error

Defendant contends that the combined effect of the alleged errors deprived him of a fair trial.

### A.  Standard of Review

Cumulative error analysis applies only where multiple prejudicial errors have been shown. *State v. Allen*, 378 N.C. 286, 304, 861 S.E.2d 273, 287 (2021). Absent such errors, there can be no cumulative prejudice. *Id.* To establish prejudice from evidentiary rulings, the defendant must show a reasonable possibility, absent the errors, the result would have been different. *State v. Corbett*, 376 N.C. 799, 829, 855 S.E.2d 228, 250 (2021).

### B.  Analysis

Defendant identifies no individual error, constitutional, evidentiary, or procedural, that meets the threshold of prejudice. The trial court correctly admitted expert testimony; counsel's performance was well within professional standards; and no due process violations occurred from the absence of the trauma narrative.

Absent any established and prejudicial error, no cumulative prejudice is shown. *State v. Thompson*, 359 N.C. 77, 106, 604 S.E.2d 850, 871 (2004). Defendant's cumulative error claim is without merit and is overruled.

## VIII.     Conclusion

The trial court committed no reversible errors. The expert testimony offered by Ciaramita was properly admitted under the rules of evidence to assist the jury in understanding behaviors commonly exhibited by sexually-abused children and did not constitute impermissible vouching for the complainant's credibility or supply a missing element to any charge. The trial court did not plainly err by *sua sponte* failing to provide a limiting instruction, as the testimony was competent for its limited purpose.

Defendant's ineffective assistance of counsel and due process arguments fail, because his counsel's decisions reflected reasonable trial strategy, and the record contains no evidence of bad faith destruction of material evidence. Finally, because no individual prejudicial errors are shown to have occurred, no cumulative error is shown.

Defendant received a fair trial, free from errors he preserved and argued on appeal. We discern no plain or prejudicial errors in the jury's verdicts or in the judgments entered thereon. *It is so ordered.*

NO ERROR.

Judges ZACHARY and ARROWOOD concur.

Report per Rule 30(e).